GEORGE W. WHITNEY & wife *vs.* ARTEMAS LEE.

Where a promissory note was delivered to a bailee, on his voluntary undertaking, with out reward, " to secure and take care of it," it was *held,* that he was not bound to take any active measures to obtain security, but was simply bound to keep the note carefully and securely, and receive the money due thereon, when offered ; and that the owner could not recover of him for the loss thereof, without proof of fraud or gross negligence.

THE bill of exceptions, on which this case came before the court, and which was signed by the judge before whom a trial was had in the court of common pleas, was as follows :

" This was an action of assumpsit upon a voluntary under. taking of the defendant, without reward, to secure and take care of a promissory note given by Jonathan Whitney to the female plaintiff while sole.   The note aforesaid was placed in the hands of the defendant, for the purpose aforesaid, and the plaintiffs contended that the defendant was bound to use ordinary care and fidelity in securing and collecting the same. The court instructed the jury that the plaintiffs must prove fraud or gross negligence in the defendant, to entitle them to recover.   The verdict was for the defendant, and the plaintiffs excepted to the said instruction."

*Brooks,* for the plaintiffs, cited Story on Bailm. § 173 & *seq.   Coggs* v. *Bernard,* 2 Ld. Raym. 909, 919, 920.  2 Ken Com. (3d ed.) 563 – 565.

*Washburn,* for the defendant, cited Story on Bailm. §§ 180, 181.   *Shiells* v. *Blackburne,* 1 H. B. 158.   *Doorman* v *Jenkins,* 2 Adolph. & Ellis, 256.

SHAW, C. J. · From the very brief form in which exceptions are drawn in the court of common pleas, it is sometimes difficult to appreciate the precise application of the rule of law stated, to which exception is taken. It presents the common difficulty of expressing legal abstract propositions in language so precise and accurate as to enable the court revising the point to decide with correctness. The theory of the common law is, that in some mode all the facts of the case shall be stated, which may have a bearing upon the question; and then courts are called upon to decide on the principles of law applicable to such combination of facts, and the rights of parties resulting from them. · Where, however, points are presented singly for revision, it is only necessary to state so much of the facts as may be sufficient to present that precise question distinctly. The true medium, therefore, in drawing a bill of exceptions, seems to be, to insert all the facts or evidence which are material to the question raised by the exception, without inserting any that are irrelevant.

The present case depends on the rule of law applicable to bailments. The facts, as we understand them, are, that the plaintiffs delivered to the defendant a promissory note, payable to the female plaintiff, whilst sole, upon a voluntary undertaking of the defendant, without reward, to secure and take care of the same. The term to " secure " may be deemed ambiguous, meaning either to obtain security, or to keep securely ; but associated with the words " take care of," and being a gratuitous undertaking, we do not understand that the defendant was to take active measures to obtain security, but simply to keep the note carefully and securely, and receive the money due thereon, when offered. This last authority and duty would seem to result from the custody of the note.

Under these circumstances, the court are of opinion that the instruction of the judge to the jury was right, and that to enable the plaintiffs to recover, they must prove fraud or gross negligence in the bailee. By fraud must be intended any want of good faith, or such utter disregard of the rights of the owners of the note, as indicates bad faith

The law has endeavored to make a distinction in the degrees of care and diligence to which different bailees are bound ; distinguishing between gross negligence, ordinary negligence, and slight negligence ; though it is often difficult to mark the line where the one ends and the other begins. And it must be often left to the jury, upon the nature of the subject matter, and the particular circumstances of each case, with suitable remarks by the judge, to say whether the particular case is within the one or the other.

Subject to these remarks upon the application of these distinctions, we think it well settled, that a bailee for safe keeping, without reward, is not responsible for the article deposited, without proof that the loss was occasioned by bad faith, or gross negligence. This rule was settled, on great consideration, and after full deliberation, in *Foster* v. *Essex Bank*, 17 Mass. 479; and this supersedes the necessity of any full review of the authorities. *Exceptions overruled.*